(No. 4469–)

JOSHUA E. WELLS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1953.*

BULL, YOST AND LUDENS, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Joshua E. Wells, seeks to recover from respondent for its alleged negligence, as a result of which claimant's home was damaged by flooding.

The real estate, which claimant had owned for the past 25 or 27 years, is located west of Morrison, Illinois, and lies to the west and south of Illinois State Route No. 6, also known as U. S. Route No. 30, in Whiteside County.

The damages complained of are the results of floods in February, 1951 and July, 1951. Prior to 1939, Illinois Highway No. 6 passed along the east edge of claimant's property in a northerly direction to the north side of Unionville Park, and then turned west across the north side of said Park. This Park is located north of claimant's property, and is considerably higher in elevation. It appears that drainage from this Park and the highway, prior to the change in construction, flowed in a southerly direction toward claimant's prop-

erty. Claimant's property is located on the north bank of Rock Creek, which is the natural outlet for all of the surface water arising in claimant's property, and the territory to the north, including Union Park. Claimant has constructed a dike along the north bank of the creek, extending from the highway to the cliff west of his house. There is also a dike running north and west, which completely surrounds the house. In addition, claimant has constructed a 12 inch pipe under the dike, which serves as an outlet for the water from his property to the creek.

The evidence in this case consists of testimony of Joshua E. Wells, claimant, and Vance E. Hopper, a civil engineer for the Highway Department.

Claimant testified in detail as to the location of his property, the old highway, the new highway, the dikes, etc., as shown by the exhibit introduced in this cause. He also testified as to the drainage of the territory north of his property, both prior to and after the construction of the new highway in 1939. It appears that the drainage of the surface water, both before and after the new construction, was in a southerly direction across claimant's property, and down the highway to Rock Creek. The evidence does not reveal any additional water being gathered for discharge, except that the rate of discharge might be greater now, because of the increased amount of highway surface. Claimant testified that the property had been flooded before by surface water, and that, when Rock Creek became full, he blocked the pipe leading from his property to the Creek with sand bags. This is the situation, which prevailed in February, 1951 and July, 1951. On both of these occasions there was an unusually heavy rainfall, and the claimant, because the creek was flooded, put

his sand bags in position in order to keep the creek from over-flowing on his property; and, by doing so, he prevented the water, which flowed naturally from the north across his property, from escaping, and is, in fact, at fault in getting the water on his property. In other words, the water could not escape, because of the dikes he had constructed, and the sand bags, which he had placed in position. All of these facts were verified by Mr. Hopper, highway engineer.

Commissioner Wise, who heard the evidence in the case, concludes his report as follows:

"After hearing all of the evidence, and visiting claimant's property on two occasions, it is my opinion that the State was not negligent in the construction of the highway, has not been guilty of any negligence in the construction of drainage outlets, and the damages to claimant resulted because of the heavy rainfall on the two dates in question, and because of his own acts in stopping the natural flow of the water off of his property.

It is my recommendation that his claim be denied."

We agree with the recommendation of Commisioner Wise, and, therefore, an award to claimant, Joshua E. Wells, is denied.